SUN VAPOR STREET-LIGHT CO. *v.* WESTERN STREET-LIGHT CO.

*(Circuit Court, N. D. Iowa, E. D.   January 3, 1890.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—METHOD FOR SUPPLYING STREET-LAMPS WITH OIL.

The first claim of letters patent No. 222,856, issued December 23, 1879, to Henry S. Belden, for a method of supplying street-lamps with oil, consisting in providing the lamps with removable reservoirs of a number greater than the lamps, and providing a conveyance for transporting filled reservoirs, and substituting them for the emptied ones, is not infringed by a device for transporting filled reservoirs, and substituting them for the emptied ones, which does not use the case or rack for conveying the reservoirs described in the Belden patent.

2. SAME—OIL RESERVOIR.

The second claim of letters patent No. 286,211, issued October 9, 1883, to Alfred L. Mack, for an oil reservoir having its bottom set in to form a flange to fit over and upon a suitable tank adapted for permanent connection to the service pipe of a lamp, said bottom having an opening provided with a screw-cap, and air and feed pipes connected thereto, is not infringed by a device which does not combine a screw-cap with the feed and air pipes, and which does not use a second pipe as a feed-pipe, the patent being limited to the entire combination, none of its elements being new.

In Equity.

*Charles R. Miller,* for complainant.

*Henderson, Hurd, Daniels & Kiesel,* for defendant.

SHIRAS, J. The complainant company is the owner by assignment of letters patent No. 222,856, issued on the 23d of December, 1879, to Henry S. Belden, and of letters patent No. 286,211, issued to Alfred L. Mack under date of October 9, 1883, and in the bill herein filed avers that the defendant is infringing the first claim of the letters patent to Belden, and the second and third claims of those issued to Mack. The first claim of the Belden patent is in these words:

"The herein described method or system of supplying street-lamps with oil, consisting in providing lamps with removable reservoirs of a number greater than the number of lamps, and providing also a conveyance adapted to transport filled reservoirs, and, by means of these devices, removing the empty reservoirs and replacing them with filled ones, substantially as set forth."

In the specifications attached to this patent it is stated that one method already in use, of supplying street-lamps with oil, is to have a detachable reservoir, which can be removed from the lamps, and taken to the place where the oil is stored for the purpose of being filled. The applicant also states that—

"I do not, in this application, claim a detachable reservoir for street-lamps provided at the bottom with a trap for receiving impurities from the oil, and an opening at the top through which such impurities may be removed by inverting the can, inasmuch as I desire to make a separate application embodying this feature of invention, and other features which I have shown in my improved reservoir."

It is clear, therefore, that this first claim in the patent does not cover the use of a detachable reservoir, nor the use of any special form or kind of reservoir. It is limited simply to having a number of reservoirs greater than the number of lamps, and a conveyance adapted to transporting the filled reservoirs to the lamps, and removing the empty ones. Considered apart from the means used to utilize the same, the idea of having a greater number of reservoirs than of lamps, so that the empty one may be replaced with one filled with oil, it is not a subject of a patent, or, if it was, Belden was not the discoverer thereof. The principle of saving time, labor, and expense by using more than one receptacle to furnish a given article is utilized in the old fashion of using two buckets in a well, in the furnishing a charged soda fountain in place of one exhausted, and in numerous other ways. It does not, however, follow that Belden may not have exercised invention in perfecting a means for applying this principle to the supplying of oil to street-lamps. The means described in the first claim of his patent is the combination of detachable reservoirs greater in number than the lamps to be supplied, and a rack or case constructed for the reception of the detached reservoirs, and for the filling thereof, and which case can be transported on a barrow, cart, wagon, or other vehicle. The evidence fails to show that the defendant makes use of the case or rack in transporting the reservoirs. It cannot be claimed that Belden invented the use of a cart or wagon for transporting reservoirs filled with oil, so that the defendant is not debarred from using a cart, wagon, or other like vehicle for that purpose. All that is shown is that the defendant uses a cart to transport the reservoirs to and from the lamps. The evidence, therefore, fails to show that the defendant makes use of the combination described in the first claim of the Belden patent, and the bill cannot be sustained, so far as it is based upon the alleged infringement of the first claim of this patent.

So far as the Mack patent is concerned, the charge of infringement is limited in argument to the second claim thereof, which is as follows:

"A reservoir for containing oil or other burning fluids, having its bottom set in to form a flange or rim to fit over and upon a suitable tank adapted for permanent connection to the service-pipe of a lamp, stove, or other similar device, said bottom having an opening provided with a screw-cap, and air and feed pipes connected thereto, substantially as and for the purpose described.".

When this patent was applied for, in 1883, reservoirs for containing the oil used in the lamp or stove, with feed-pipes and contrivances for regulating the flow of the oil, for protection against impurities and the like, were well known, and had long been in use. The so-called "Student Lamp" is one example of such use. In the Belden patent, owned by complainant, which was issued in 1879, is found a reservoir, with a cup for its reception, the upper portion of the reservoir extending outwardly and downwardly, so as to fit over the sides of the receiving cup. This combination of a reservoir and cup is found in many forms of lamps patented years before the date of the patent to Mack. In patent No. 189,655, issued to N. A. Rigby, April 17, 1877, is found a combination of an oil reservoir placed above an oil-cup, from which the oil is fed to the lamp, and passing through the reservoir is an air-tube, the lower end of which projects into the oil-cup. As the oil passes into the cup from the reservoir, the latter becomes filled until it closes the end of the air-tube, thus cutting off the supply of air to the reservoir, and thus, automatically, the flow of the oil from the reservoir into the cup connected with the burner is controlled. In patent No. 101,961, issued April 12, 1870, to J. B. Alexander, is found the combination of a reservoir connected with a receiving cup, from which the oil is fed to the burner; and it is shown that air may be carried into the reservoir by having an air-tube extending from near the top of the oil reservoir downward, through the bottom of the same, into the oil-cup below, the passage of the air being cut off when the oil in the cup reaches the end of the tube. Without setting forth other forms of lamps shown in the evidence, sufficient has been said to establish the fact that, when Mack entered the field, the combination of oil reservoirs with cups to receive the oil from the reservoir, and feed it to the burner, with various forms of pipes or openings for the passage of the oil from the reservoir to the cup, was well known and in common use, as was also the device of supplying air to the oil reservoir by means of a pipe passing through the reservoir, with one end projecting into the oil-cup, so that the passage of air would be cut off when the oil in the cup reached the end of the air-pipe. In patent No. 209,935, issued to Isaac Stead, November 12, 1878, the screw-cap is found used for the same purpose as in the Mack combination; that is, for closing tightly the opening through which the oil is conveyed into the reservoir. Of the several elements named in the second claim of the Mack patent he is not the inventor, and the patent must, in this particular, be limited solely to the combination of the several parts therein described. In the several forms of lamps used by the defendant, the feed-pipe shown in the Mack combination is dispensed with, and the orifice for filling the reservoir with oil is not in the center of the reservoir, but nearer the circumference. The air-pipe does not pass through the screw-cap, as in the Mack combination, but is attached permanently to the bottom of the reservoir. In one form of defendant's lamp, a small hole is found in the air-pipe near the bottom of the reservoir, through which the oil passes into the lower part of that pipe, and thence into the oil-cup below. Thus the single pipe in this case is utilized for the pur-

pose of a feed and air pipe. By this contrivance the feed-pipe found in the Mack patent is not used. It is strongly urged that this is merely a change in the mode of conveying the oil from the reservoir to the cup or tank, and that it is not sufficient to defeat the charge of infringement. It will be remembered, however, that Mack is not the inventor of a feed-pipe connecting the reservoir with the cup or tank. As already said, reservoirs connected with oil-tanks or cups have long been in use, and many modes of passing the oil from one to the other through connecting pipes, orifices, and passages of different construction, were well known before the date of the Mack patent. Unless the second claim of the Mack patent is so construed as to cover the combination of the screw-cap with the air and feed pipes passing through the same, I do not see how the claim can be held to be patentable. If it is not this combination connected with the reservoir and tank that is relied upon as novel, then the defense of want of novelty would lie against it; for it is clear beyond question that reservoirs, with air and feed pipes and orifices for pouring in oil, were in common use long before Mack applied for his patent. To sustain this claim it must be construed to cover the combination of the screw-cap and air and feed pipes. which accords with the grammatical construction of the sentence. Assuming that this combination is sufficiently novel and ingenious to sustain a patent, it must, however, be limited, in view of the previous state of the art, to the form of combination shown by the patent. It cannot be broadened so as to include forms of reservoirs in which the air-pipe is wholly disconnected from the orifice through which the oil is poured into the reservoir, and from the screw-cap covering the same, and in which a second pipe as a feed-pipe is not used, or in which the screw-cap is not used to close the orifice, but a cork is substituted. In none of the lamps used by the defendant is this combination of the screw-cap with the feed and air pipes made use of, nor is there used a second pipe as a feed-pipe to convey the oil from the reservoir to the cup or tank. In all the lamps used by the defendant the air-pipe is wholly disconnected from the orifice through which the oil is conveyed into the reservoir, and is not attached to the screw-cap. Instead of using a second pipe as a feed-pipe, in one form, a small hole is found in the air-pipe through which the air passes into the tank, and in the other forms a hole is made in the head of the screw-cap. It is not to be questioned that there is great force in the argument that these holes, thus made, are, in effect, the equivalent of the feed-pipe found in the Mack combination, as they serve the same purpose, but Mack is not the inventor of the use of the feed-pipe for this purpose. The fact that slight changes from the form of combination found in his patent suffice to avoid the charge of infringement is due to the fact that his patent is limited, of necessity, to the special form shown in his invention, and it occupies very narrow ground. The evidence in this cause shows clearly that the complainant company manufactures and puts in use a system of street-lamps which combines many excellent features, and which results in furnishing an economical and easily managed light, and its success in these particulars has doubtless led others to imitate

its system more or less closely. The evidence fails, however, in showing that the defendant has infringed the special combinations described in the first claim of the Belden patent, and the second in the Mack patent, and the bill must therefore be dismissed, at costs of complainant.